

*Attorneys at Law*

200 North Third Street
St. Charles, Missouri 63301-2890
636-947-4700
Fax: 636-947-1743

*www.hamiltonweber.com*
*dweber@hamiltonweber.com*

July 26, 2024

SENT VIA EMAIL TO:
dpeters@amundsendavislaw.com

Daniel Peters, Esq.
Amundsen Davis, LLC
120 South Central Avenue, Suite 700
St. Louis, Missouri 63105

      Re:    *Harmony Pointe Apartments* ("Harmony") – Stop Work Order Issued 4/3/24
                Project at 1503 Highway N in the City (the "Project")

Dear Mr. Peters:

      I serve as City Attorney for the City of Cottleville, and I am in receipt of your letter dated June 28, 2024.

      First, Judge McDonough's Judgment does not remain "final and binding to this very day," as you claim. Rule 81.09 provides that filing a notice of appeal automatically stays execution on a judgment during the pendency of an appeal when the appellant is a city, town, or other municipality. Rule 81.09(a); *see also City of O'Fallon v. CenturyLink, Inc.*, 491 S.W.3d 276, 283 (Mo. App. E.D. 2016) ("Rule 81.09(a) suggests a city or municipality is not required to post bond or seek a stay and an appeal by a city or municipality automatically stays the execution of a Missouri judgment."). Thus, the City's current appeal stays execution of the Judgment and Harmony is currently prohibited from working at the Project site during the pendency of the appeal. However, if you have legal authority to the contrary, please provide it to me and I will review and carefully consider.

      As it relates to the 2024 Stop Work Order, we respectfully disagree with the following statement in your letter: "Both grounds mentioned in your letter were raised by the City, and rejected by the Court, to justify the earlier (now voided) stop work order that was overturned by way of the aforementioned Judgment." The City issued the 2023 Stop Work Order pursuant to § 405.400 of the Municipal Code due to violations of the City's Planned Unit Development Ordinance, not based upon violations of the certificate of appropriateness or conditional use permit regulations.



1

Additionally, the Board of Adjustment's Findings of Fact and Conclusions of Law found, in pertinent part, the 2023 Stop Work Order was authorized "**pursuant to P.U.D. Ordinance Section 405.400** to prevent Harmony from beginning illegal construction on the Project after the expiration of the Area Plan and Final Plan." While the Board of Adjustment's Findings of Fact and Conclusions of Law referenced the additional permit expirations, they were not the basis for the issuance of the 2023 Stop Work Order, nor did the Judgment rule on whether the certificate of appropriateness or conditional use permit were in effect.

Simply put, the 2024 Stop Work Order remains valid pursuant to § 405.135(C) of the Municipal Code. Consequently, unless and until Harmony obtains a new certificate of appropriateness and conditional use permit, any further work commenced on the Project site may result in prosecution and be subject to penalties under § 405.800 of the Municipal Code.

Sincerely,

K. Andrew Weber

cc via e-mail:
Michael Padella, City Administrator