**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARMONY POINTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COTTLEVILLE, MISSOURI, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-0011-PLC |

**DEFENDANT CITY OF COTTLEVILLE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant City of Cottleville, Missouri moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss Plaintiff's Complaint in its entirety.[1] In support, the City states:

1. Plaintiff Harmony Pointe, LLC brings this action under 42 U.S.C. § 1983, alleging substantive due process violations (Count I) and an unconstitutional taking (Count II) arising solely from local zoning and land-use decisions by the City of Cottleville. Plaintiff's Complaint centers on three alleged stop work orders issued between May 2023 and March 2025 relating to Harmony Pointe's multi-family housing development.

2. Count I fails to state a federal substantive due process claim under 42 U.S.C. § 1983 because it improperly attempts to constitutionalize a routine local land-use dispute. *Chesterfield*

[1] The City previously sought, with Plaintiff's consent, an extension of time to respond to the Complaint, which the Court granted on January 28, 2026. [Doc. 7]. Subsequently, on February 23, 2026, Plaintiff requested—and the Court granted—leave to file a single consolidated response to Defendants' pending motions to dismiss. [Doc. 32]. Defendants note that the individual defendants filed separate motions to dismiss because Plaintiff indicated on January 26, 2026, that it would not consent to extensions of time for those defendants, particularly those currently employed by the City. In light of that position, the individual defendants proceeded with separate filings rather than a joint motion.

*Development Corp. v. City of* Chesterfield, 963 F.2d 1102 (8th Cir. 1992); *Grove Assisted Living,* LLC, 2018 WL 3093520 (E.D. Mo. June 22, 2018). Count I must be dismissed under Rule 12(b)(6).

3. Count II fails to state a claim upon which relief can be granted because Plaintiff has not alleged a *per se* physical taking or a compensable regulatory taking as a matter of law.

4. Finally, because Plaintiff's allegations focus on the City's enforcement behavior, rather than the validity of any particular ordinance, its claims should be construed as either a procedural due process claim or an as-applied constitutional challenge. Either theory independently warrants dismissal.

5. In the alternative, if the Court dismisses the sole federal claim in Count I, it should decline to exercise supplemental jurisdiction over Count II. That claim is grounded primarily in the Missouri Constitution and arises under state law. With no remaining federal question, this Court should dismiss Count II.

6. The City's accompanying Memorandum in Support sets forth these matters in greater detail and is incorporated herein in its entirety.

WHEREFORE, Defendant City of Cottleville, Missouri respectfully requests the Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim, or in the alternative for lack of subject-matter jurisdiction (dismissing Count I and declining supplemental jurisdiction over the remaining Count II), and to grant such other or further relief as the Court deems just and proper.

Respectfully Submitted,

HAMILTON WEBER LLC

/s/ Jared D. Howell

Jared D. Howell #67332MO
Tanner A. Kirksey #72882MO
200 N. Third Street
St. Charles, MO 63301
(636) 947-4700
jhowell@hamiltonweber.com
tkirksey@hamiltonweber.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served this 2nd day of March 2026, by the Court's electronic filing system, to:

Zachary R. McMichael, #68251MO
Capes, Sokol, Goodman & Sarachan, P.C.
8182 Maryland Ave., 15th Floor
St. Louis, MO 63105
314-505-5464
mcmichael@capessokol.com

*Attorney for Plaintiff*

/s/ Jared D. Howell