UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARMONY POINTE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:26-cv-0011-PLC ) ) |
| CITY OF COTTLEVILLE, MISSOURI, et al., | ) ) |
| Defendants. | ) |

**DEFENDANT CITY OF COTTLEVILLE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant City of Cottleville, Missouri submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint:

**NATURE OF THE CASE**

Plaintiff Harmony Pointe, LLC brings this action under 42 U.S.C. § 1983, alleging substantive due process violations (Count I) and an unconstitutional taking (Count II) arising solely from local zoning and land-use decisions by the City of Cottleville. Plaintiff's Complaint concerns three alleged stop work orders issued between May 2023 and March 2025 relating to Plaintiff's multi-family housing development.

**SUMMARY OF ARGUMENT**

Count I fails as a matter of law because it is not actionable under 42 U.S.C. § 1983. At its core, this is a state-law zoning dispute concerning whether construction had timely commenced and whether permits had expired. The Eighth Circuit has consistently held that such disputes—even when enforcement is alleged to be in bad faith or motivated by improper considerations—do not rise to the level of a substantive due process violation. Plaintiff's

conclusory labels of "irrationality" or "arbitrariness" are insufficient to transform a disagreement over municipal code interpretation into a federal constitutional claim.

Count II fails as a matter of law. The allegations do not plead either a per se physical taking or a compensable regulatory taking. More specifically, the stop-work orders did not effect a per se physical taking because they did not grant third parties any right to enter or occupy the property or otherwise appropriate Plaintiff's right to exclude others. At most, they merely restricted Plaintiff's own use of its land—classic regulatory action subject to the *Penn Central* framework.

Under *Penn Central*, the claim fails on all three factors. The second and third stop-work orders were temporary and ultimately lifted; the Complaint offers only conclusory assertions of economic harm without alleging severe impact on the parcel as a whole. Plaintiff's expectations of uninterrupted development were unilateral, not reasonable investment-backed expectations. The character of the governmental action involved ordinary land-use regulation, not physical invasion.

Finally, because Plaintiff's allegations focus on the City's enforcement behavior, rather than the validity of any particular ordinance, its claims should be construed as either a procedural due process claim or an as-applied constitutional challenge. Either theory independently warrants dismissal.

In the alternative, if the Court dismisses the sole federal claim in Count I, it should decline to exercise supplemental jurisdiction over Count II. That claim is grounded primarily in the Missouri Constitution and arises under state law. With no remaining federal question, this Court should dismiss Count II.

For these reasons and as set forth in more detail below, the Complaint against the City should be dismissed with prejudice.

## BACKGROUND

All of the following facts are drawn from the Complaint and are accepted as true solely for purposes of this Motion.

Plaintiff is the owner and developer of property located at 1503 Highway N in Cottleville, Missouri. In May 2022, the City approved a planned unit development multi-family residential project on the property. Compl. ¶¶ 17–26.

The Complaint alleges that on May 17, 2023, certain defendants participated in an alleged secret meeting and voted to instruct the City Administrator to issue a stop work order based on Plaintiff's alleged noncompliance with the City's planned unit development ordinance. Compl. ¶¶ 43–45. Two days later, on May 19, 2023, the City issued a stop work order halting construction on the project ("SWO 1"). Compl. ¶¶ 47–48.

Plaintiff appealed SWO 1 to the City's Board of Adjustment, which upheld SWO 1. Compl. ¶¶ 48–52. Plaintiff then sought judicial review in the Circuit Court of St. Charles County. Compl. ¶ 53. On April 17, 2024, the Circuit Court reversed the Board's decision and declared SWO 1 null and void, finding that Plaintiff had begun construction within the meaning of the applicable ordinance. Compl. ¶¶ 54–55.

The Complaint alleges on April 23, 2024, the City issued a second stop work order ("SWO 2") based on the expiration of Plaintiff's certificate of appropriateness and conditional use permit. Compl. ¶¶ 56–60.

The City then appealed the Circuit Court's judgment, and on March 11, 2025, the Missouri Court of Appeals, Eastern District, affirmed the Circuit Court's reversal of the Board of Adjustment's decision regarding SWO 1. Compl. ¶¶ 80–81. The Appellate Court resolved the

appeal on the definition of "construction" and did not address the issues relating to permit expiration.  Compl. ¶ 80; Exh. L.

Following the appellate decision, the City sent correspondence reaffirming the continued effect of SWO 2 based on Plaintiff's failure to obtain a new certificate of appropriateness and conditional use permit.  Compl. ¶¶ 84–85; Exh. M.  Plaintiff characterizes this correspondence as a "Third Stop Work Order" ("SWO 3").  Compl. ¶ 84.  The Complaint does not allege that the City took any enforcement action thereafter.  Compl. ¶¶ 90-96.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "While the Court must accept all factual allegation as true, it need not accept 'legal conclusions' or 'threadbare recitals of the elements of a cause of action.'" *Id*.  Moreover, Plaintiff's alleged facts must "'raise a right to relief above the speculative level.'" *Williams v. Insomnia Cookies, LLC*, No. 4:23-CV-669 HEA, 2025 WL 2062189, at *4 (E.D. Mo. July 23, 2025) (quoting *Twombly*, 550 U.S. at 555).

Dismissal under Rule 12(b)(1) is appropriate where subject-matter jurisdiction is lacking on the face of the complaint. *Pundmann v. U.S. Postal Serv.*, 2017 WL 5171056, at *2 (E.D. Mo. Nov. 8, 2017). The party invoking federal jurisdiction bears the burden of establishing it. *Rundel v. Bob Evans Rest. Inc.*, 2010 WL 597366, at *1 (E.D. Mo. Feb. 17, 2010).

4

**ARGUMENT**

I.   **Count I Fails to State a Substantive Due Process Claim.**

Count I fails to state a claim against the City because state law zoning issues are not actionable under § 1983. At its core, Plaintiff's allegations in Count I describe a state-level zoning dispute. *See* Compl., ¶¶ 105-06. The Eighth Circuit has consistently rejected attempts to recast such zoning disputes as substantive due process claims.

In *Chesterfield Development Corp. v. City of Chesterfield*, the Eighth Circuit held enforcement of an invalid zoning ordinance did not violate substantive due process—even if the enforcement was knowing or in bad faith. 963 F.2d 1102, 1105 (8th Cir. 1992) ("A bad-faith violation of state law remains only a violation of state law."). Indeed, as explained in *Myers v. Scott County*, "the theory of substantive due process is properly reserved for truly egregious and extraordinary cases . . . ." 868 F.2d 1017, 1018 (8th Cir. 1989). This is not such a case.

The same principle was applied in *Grove Assisted Living, LLC v. City of Frontenac*, dismissing § 1983 claims brought by a developer who was challenging zoning decisions that essentially blocked an assisted-living project due to alleged improper motives. 2018 WL 3093520 (E.D. Mo. June 22, 2018). The district court determined the allegations describing zoning conduct to be insufficient to support a § 1983 claim, finding many of the allegations were mere "argumentative legal conclusions" of the pleader. *Id.* at *8.

Plaintiff's claims arise from the interpretation and application of municipal zoning ordinances—specifically, whether Plaintiff timely began construction and whether various permits had expired. *See* Compl. ¶¶ 36–37, 42–43. These are quintessential state-law zoning questions. Plaintiff's allegations bear no resemblance to the extreme examples of irrationality the Eighth Circuit has contemplated. *See e.g., Chesterfield*, 963 F.2d, at 1104-05. Nor does Plaintiff's

framing of the actions as "truly irrational" save the claim; this is precisely the type of "argumentative legal conclusion" this Court should reject. *Grove Assisted Living*, 2018 WL 3093520, at *8 (citing *Iqbal*, 556 U.S. at 678).

Moreover, the only mention of any potential fundamental right protected by substantive due process is Plaintiff's assertion that it had a constitutionally protected property interest in the Final Plan for the Development that had been originally approved by the City. *See* Compl. ¶ 115. However, "such a claim is too typical of the run of the mill dispute between a developer and a town planning agency… to rise to the level of a due process violation." *Chesterfield*, 963 F.2d, at 1104. Allowing Count I to proceed would improperly "convert the Due Process Clause into a 'constitutionalized Administrative Procedure Act setting up the federal courts as a forum for review of every run-of-the-mill land-use dispute.'" *Prewitt v. Camden Cnty., Mo.*, No. 09-04126-CV-C-NKL, 2010 WL 3927807, at *9 (W.D. Mo. Oct. 4, 2010) (quoting *Lemke v. Cass County*, 846 F.2d 469, 472 (8th Cir. 1987)). *Even if* the City erred in its interpretation and enforcement of the applicable zoning ordinances, these facts do not transform a state-law dispute into a federal constitutional violation. *See Saba v. City of Farmington*, No. 4:05CV02000-RWS, 2006 WL 897153, at *3 (E.D. Mo. Mar. 31, 2006) (dismissing plaintiff's substantive due process claim because allegations that city officials enforced an invalid zoning ordinance, even in bad faith, did not meet high threshold of substantive due process violation).

Accordingly, Count I fails to state a claim.

## II.     Count II Fails to State a Takings Claim.

Count II fails to state a claim because Plaintiff has not alleged a *per se* physical taking or compensable regulatory taking as a matter of law.

A.     **Plaintiff Fails to Plead a Per Se Physical Taking.**

U.S. Supreme Court precedent bars Plaintiff's theory of a per se physical taking under Count II because Plaintiff does not allege violation of its right to exclude others from the property. Compl., ¶¶ 122–29; *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 160 (2021). The stop work orders and zoning enforcement did not grant outsiders the right to enter or occupy Plaintiff's property. Instead, Plaintiff's central allegation concerns *its own right* to enter its property. Compl., ¶ 125. This distinction is dispositive.

Land-use regulations are not per se physical takings, and "the government does not effect a taking when it merely enforces pre-existing limitations on title." *Cedar Point Nursery*, 594 U.S. at 160.  Plaintiff's reliance on *Cedar Point Nursery* actually undermines its own claims. That case addressed a regulation granting outside persons a right to physically enter and occupy private property. 594 U.S. at 143–44. The Court held that it constituted a per se physical taking *because* it appropriated the landowners' right to exclude others from the property. *Id*. at 149.  The Court was explicit, however, that when the government "instead imposes regulations that restrict an owner's ability to use their own property, a different standard applies." *Id*. at 148.  In such cases, courts apply the *Penn Central* regulatory-takings framework (addressed below). *Id*.

The City did not violate Plaintiff's right to exclude others from the property, and its claim fails as a matter of law.

### B.     Plaintiff Fails to Plead a Compensable Regulatory Taking.

Count II fails to satisfy *Penn Central*'s regulatory taking factors: severe economic impact, interference with reasonable investment-backed expectations, and the character of the government action. *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).[1]

The Complaint alleges only temporary stop work orders that were ultimately rescinded, *see* Compl., ¶¶ 94-95, but fails to show severe deprivation of economically viable uses of the property, so the first *Penn Central* factor is unmet. *Becker v. City of Hillsboro, Missouri*, 125 F.4th 844, 858 (8th Cir.), *cert. denied,* 145 S. Ct. 2777, 222 L. Ed. 2d 1076 (2025) (plaintiff's burden is to show "a severe economic impact on the whole parcel…"); *301, 712, 2103 & 3151 LLC v. City of Minneapolis*, 27 F.4th 1377, 1384 (8th Cir. 2022) (*Penn Central*'s first factor was not met when plaintiff "offered nothing but conclusory assertions of economic impact").

For the second *Penn Central* factor, "[a] reasonable investment-backed expectation requires more than a unilateral expectation or an abstract need." *Becker*, 125 F.4th at 858 (internal quotations omitted). Plaintiff's allegations rest on its own unilateral expectations and abstract assumptions about timely construction and financing. *See* Compl., generally and at ¶ 4, alleging unilateral expectations of timely construction and that Plaintiff "likely cannot obtain financing" for the project.

For the third *Penn Central* factor (character of the governmental action), the question is whether "the regulation amounts to a limitation on use" or "physical invasion." *Becker*, 125 F.4th

---

[1] Plaintiff additionally alleges the City's issuances of SWO 2 and 3 constitutes a taking under the Missouri Constitution. Compl., ¶¶ 123-124. Missouri courts apply the federal *Penn Central* framework to such claims. *See Becker v. City of Hillsboro, Missouri*, 698 F. Supp. 3d 1090, 1101 (E.D. Mo. 2023), aff'd, 125 F.4th 844 (8th Cir. 2025) ("Missouri Courts analyze takings claims under the same framework provided by the Supreme Court.") (citing *Clay Cnty. ex rel. Cnty Com'n v. Harley and Susie Bogue, Inc.*, 988 S.W.2d 102 (Mo. App. W.D. 1999); *Reagan v. Cnty. of St. Louis*, 211 S.W.3d 104 (Mo. App. E.D. 2006)). Thus, the analysis applies either way.

8

at 859. Because the stop work orders imposed limitations on use but involved no physical invasion, this factors also weighs against a taking. *See* Compl., generally and at ¶¶ 122-129, alleging stop work order limitations but no physical invasion by defendants.

The allegations fail to satisfy any of the *Penn Central* factors, thus Plaintiff has failed to plead a compensable regulatory taking as well.

**III.   Plaintiff's Claims Independently Fail Regardless of How They Are Construed.**

Because Plaintiff's allegations focus on the City's enforcement *behavior*, rather than the validity of any particular ordinance, its claims should be construed as either a procedural due process claim or an as-applied constitutional challenge. Either theory independently warrants dismissal.

**A.   If Plaintiff's Claims are Construed as Procedural Due Process Claims, Plaintiff's Failure to Exhaust Administrative Remedies Bars Relief.**

Although Plaintiff labels its claims as a substantive due process claim and takings claim, federal courts look to the gravamen of the allegations—not their title—to determine the substance of the claim and whether a claim should proceed in federal court. *See Jeffco Estates, LLC v. City of Arnold Board of Adjustment*, No. 4:23-CV-00282-NCC, 2023 WL 9023173, at *10 (E.D. Mo. Dec. 29, 2023) ("the gravamen of Count IV is an attack on Defendants' denial of the building permits… [t]herefore, Plaintiff is currently exhausting its only available remedy—a suit in circuit court pursuant to § 89.110"); *In re Baycol Products Litig.,* 732 F.3d 869, 875 n. 4 (8th Cir. 2013) (Federal courts "do not rely on the names of the causes of action that the plaintiff alleges. Instead we look at the substance of the allegations, based on a fair reading.").

In *Owydat v. City of St. Louis*, the district court dismissed federal due process and takings claims where the petition "focus[ed] on Defendants' decision, not an ordinance," holding that because the plaintiffs challenged the City's denial and revocation of permits (and not the

9

underlying ordinance itself), their exclusive remedy was statutory review under Mo. Rev. Stat. § 89.110. 4:20-CV-388 NAB, 2023 WL 245555, at *7 (E.D. Mo. 2023); *see also Kelly v. City of Omaha, Neb.*, No. 14-3446, 2016 WL 660117 (8th Cir. 2016) ("failure to exhaust available state remedies precludes [plaintiff] from seeking relief under § 1983 for violations of [its] due process rights."). Similar present facts warrant a similar dismissal.

Under the City of Cottleville's Municipal Code, challenges to the issuance or enforcement of stop work orders must be pursued through an administrative appeal to the Board of Adjustment before judicial review is available. *See* City of Cottleville Municipal Code § 400.090 (Board of Adjustment). Plaintiff is well aware of this administrative requirement. *See* Compl. ¶¶ 48–52 (acknowledging appeal of the first stop work order to the Board of Adjustment).

Despite knowing it could and must exhaust available administrative remedies, Plaintiff did not do so for SWO 2 and SWO 3—the documents which form the basis for both Counts in this matter. *See* Compl. ¶¶ 56–60, 84–85. Nor does Plaintiff allege it ever re-applied for permits, despite affirmatively stating it would do so. *See* Plaintiff's Exh. I.

Because Plaintiff failed to exhaust available administrative remedies with the Board of Adjustment, its claims must be dismissed.

### B. Alternatively, If Construed as As-Applied Constitutional Challenges, Plaintiff's Claims Are Not Ripe.[2]

To the extent Plaintiff's claims are read as as-applied constitutional challenges, they are not ripe for this Court's jurisdiction.[3]

---

[2] In prior filings, this Section was inadvertently titled using the term "Moot." The correct term is "Not Ripe," as reflected in the heading above.

[3] The exhaustion requirement is distinct from whether a claim is ripe. The latter focuses on "whether the initial decisionmaker has reached "a definitive position on the issue that inflicts an actual, concrete injury." *Id*. at *7 2023 WL 9023173, at *7 (quoting *Williamson Cnty. Reg'l Plan.*

In *Jeffco*, the district court determined that constitutional land use claims like the ones Plaintiff alleges here, are not ripe for federal adjudication until the plaintiff has obtained a final administrative determination, which here would have meant pursuing the prescribed remedies before the Board of Adjustment. 2023 WL 9023173 at *9 (claims arising from denial of permits are subject to exhaustion and finality requirements).

Plaintiff does not allege that it obtained a final decision or even that it would be futile do so. City of Cottleville Municipal Code § 400.090. Because Plaintiff failed to complete the available administrative process for SWO 2 and 3, its claims are not ripe and must therefore be dismissed. *See Saba*, 2006 WL 897153 at *1 (dismissing plaintiff's constitutional challenges to the City's issuance of a building permit in violation of City Code on ripeness grounds where plaintiff failed to first seek a variance from the local land use authority).

### IV. In the Alternative, if Count I is Dismissed, then Count II Should Be Dismissed Because the Court Lacks Original Jurisdiction and Should Decline Supplemental Jurisdiction.

Federal question jurisdiction exists only for claims "arising under" federal law. 28 U.S.C. § 1331. Plaintiff's claims are substantively grounded in the Missouri Constitution and do not independently confer federal jurisdiction.

Regarding Plaintiff's substantive due process claim, "it is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under section 1983." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992). Missouri courts routinely adjudicate such claims, and nothing in the Complaint requires application of federal jurisprudence.

---

*Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192 (1985), *overruled in part by Knick v. Twp. of Scott*, 139 S.Ct. 2162 (2019)).

11

If Count I is dismissed with prejudice, no claim invoking this Court's original federal jurisdiction remains. Count II is expressly and substantively based on the Missouri Constitution's takings clause, alleging a "taking of Plaintiff's property rights under Article I, Sections 10, 26, and 28 of the Constitution of the State of Missouri." Compl. at ¶¶ 123–124.  Plaintiff references the Fifth Amendment only after pleading the Missouri constitutional claim. *Id.* at ¶ 125. Count II therefore arises solely under state law.

When all federal claims are dismissed at the pleading stage, district courts in the Eighth Circuit routinely decline to exercise supplemental jurisdiction over remaining state-law claims. *See e.g., Aldridge v. City of St. Louis*, 75 F.4th 895, 901 (8th Cir. 2023); *see also Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016)). This case presents no exceptional circumstances warranting the continued exercise of supplemental jurisdiction. This Court should therefore dismiss Count II under Rule 12(b)(1) and pursuant to 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

For the foregoing reasons, the City of Cottleville, Missouri respectfully requests the Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim (or in the alternative dismiss for lack of subject matter jurisdiction and decline to exercise supplemental jurisdiction), and to grant such further or additional relief as the Court deems just and proper.

        Respectfully Submitted,

        HAMILTON WEBER LLC

        /s/ Jared D. Howell
        Jared D. Howell         #67332MO
        Tanner A. Kirksey     #72882MO
        200 N. Third Street
        St. Charles, MO  63301
        (636) 947-4700
        jhowell@hamiltonweber.com
        tkirksey@hamiltonweber.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served this 2nd day of March 2026, by the Court's electronic filing system, to:

Zachary R. McMichael, #68251MO
Capes, Sokol, Goodman & Sarachan, P.C.
8182 Maryland Ave., 15th Floor
St. Louis, MO 63105
314-505-5464
mcmichael@capessokol.com

*Attorney for Plaintiff*

        /s/ Jared D. Howell