**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HARMONY POINTE, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 4:26-cv-0011-PLC |
| v. ) | |
| ) | |
| CITY OF COTTLEVILLE, MISSOURI, et al., ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS' JOINT REPLY MEMORANDUM IN SUPPORT OF**
**THEIR MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Richard Francis, Robert Ronkoski, John Gnau, Emilie Colombatto, Michael Guccione, Mike Krekeler, Michael Padella and the City of Cottleville, Missouri, (collectively referred to as "Defendants") respectfully submit this Reply Memorandum in Support of their Motions to Dismiss Plaintiff's Complaint.

**SUMMARY OF ARGUMENT**

Plaintiff's Omnibus Memorandum in Opposition confirms what Defendants have maintained from the outset: this case is nothing more than a routine land-use dispute dressed up as federal constitutional claims. Despite Plaintiff's lengthy narrative about stop-work orders and prior state-court litigation, its Opposition fails to cure the fundamental defects Defendants identified. Plaintiff identifies no clearly established constitutional right that overcomes the Individual Defendants' qualified immunity.  It pleads no plausible substantive due process violation or takings claim. It alleges no personal involvement by any Individual Defendant, and it asserts no ripe or otherwise cognizable claims upon which relief can be granted.

Dismissal with prejudice remains the only appropriate outcome.

## ARGUMENT

**I.   The Individual Defendants Are Entitled to Qualified Immunity Because Plaintiff Identifies No Clearly Established Constitutional Right.**

Plaintiff contends that the Individual Defendants lose qualified immunity because they allegedly acted in "bad faith." *See* Doc. 41 (Plaintiff's Opposition), p. 3. That argument misstates the governing standard. As the Eighth Circuit has made clear, an official's "good faith or bad faith is irrelevant to the qualified immunity inquiry." *Slone v. Herman*, 983 F.2d 107, 110 (8th Cir. 1993). The inquiry turns instead on objective reasonableness—whether the officials' conduct violated a clearly established statutory or constitutional right. *Id*. The relevant question, therefore, is whether the Individual Defendants had an objectively reasonable basis for issuing the second and third stop-work orders (hereinafter "SWO 2" and "SWO 3"[1]). Plaintiff never alleges facts showing they lacked such a basis, and it points to no clearly established law that placed their conduct beyond debate.

Plaintiff's primary reliance on the Missouri Court of Appeals' decision in *Harmony Pointe, LLC v. City of Cottleville*, 708 S.W.3d 539 (Mo. App. E.D. 2025) ("*Harmony Pointe I*") is misplaced.   SWO 2 was issued eleven months before that decision became final.   More importantly, *Harmony Pointe I* addressed a distinct legal issue under a distinct provision of the City's code. The appellate court examined whether SWO 1 was authorized under § 405.390(C) of the Planned Unit Developments Ordinance and turned on the meaning of the undefined term

---

[1] Although Plaintiff characterizes the letter sent following the *Harmony Pointe I* opinion as a third stop work order, a plain reading of Doc. 1, Exhibit M reveals no such independent directive — the letter simply notified Plaintiff that SWO 2 remained in effect notwithstanding the *Harmony Pointe I* opinion. Defendants use the designation "SWO 3" solely for ease of reference in connection with this Motion to Dismiss and do not concede that the letter constitutes a separate or additional stop work order.

2

"construction" within that ordinance. *Id*. at 542–44; *see also* Doc. 1, Exhibit D (SWO 1) (the language is entirely premised on §§ 405.390(c) and 405.400 of the Municipal Code).

SWO 2 and SWO 3, by contrast, rested on entirely different code sections under Article III of Chapter 405, which governs the Special District/Old Town Cottleville. *See* Doc. 1, Exhibits G & M (SWO 2 & 3). Section 405.115(A)(1) requires a certificate of appropriateness for developments like Plaintiff's. Sections 405.135(C) and 405.140 expressly authorize stop-work orders upon the expiration of that certificate under standards wholly separate from those governing SWO 1. The City issued SWO 2 and SWO 3 because Plaintiff's certificate of appropriateness had expired; the orders additionally referenced the expired conditional-use permit to make Plaintiff aware of potential consequences of such expiration. Article III supplies its own explicit definition of "construction,[2]" and the temporal limits and standards for certificates of appropriateness differ materially from those in the PUD Ordinance.[3] Doc. 1, Exhibits G & M (SWO 2 & 3).

*Harmony Pointe I* therefore did not address—much less clearly establish—the legality of enforcement actions based on an expired certificate of appropriateness. Plaintiff cites no authority holding that municipal officials violate the U.S. Constitution by enforcing these separate provisions. Its attempt to import *Slone* likewise fails. *Slone* involved continued incarceration in direct defiance of a judicial release order—circumstances far removed from a municipal land-use enforcement action.  983 F.2d at 110.  At most, Plaintiff alleges that city officials may have erred

---

[2] Construction is defined as "The act of adding an addition to an existing structure or the erection of a new principal or accessory structure on a lot or property." *See*, Section 405.112(B), a certified copy of which is attached as **Exhibit B**.

[3] Conditional Use Permit expires 180 days after issuance unless construction has commenced pursuant to § 400.130(G)(1); certificate of appropriateness expires 6 months after issuance unless construction is commenced pursuant to § 405.135(C). *See* Doc. 1, Exhibits G & M (SWO 2 & 3).

in interpreting or applying the municipal code. Even assuming error, such conduct does not violate a clearly established federal right.  Municipal officials retain both the authority and the duty to enforce the City's zoning ordinances.  Because Plaintiff has not identified the violation of any clearly established constitutional right, the Individual Defendants are entitled to qualified immunity.

**II.      Plaintiff Fails to State a Substantive Due Process Claim.**

Plaintiff's effort to portray this case as something other than a zoning dispute is unpersuasive. The City issued SWO 2 and SWO 3 under its zoning regulations governing the Special District/Old Town Cottleville. *See* Doc. 1, Exhibits G & M (SWO 2 & 3). This is precisely the type of local land-use disagreement the Eighth Circuit has repeatedly held does not rise to a constitutional violation.

Plaintiff leans heavily on *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 166 (Mo. 2006) to argue that the City's conduct was "truly irrational."  As a Missouri Supreme Court decision, *Furlong* supplies persuasive authority at most and is not binding here. In any event, the facts are readily distinguishable. In *Furlong*, the city denied a preliminary plat application that facially satisfied every code requirement after disregarding its own review committee's recommendation, refusing to allow council vote, and receiving advice from its own attorney that denial would be unlawful.  *Id.* at 171.  No comparable egregious circumstances exist here. The City simply enforced its own ordinances governing development approvals—conduct the Eighth Circuit has held falls short of substantive due process liability. *See Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992)("we reject the Corporation's assertion that the City's enforcement of an invalid zoning ordinance is the kind of 'truly irrational' governmental action which gives rise to a substantive-due-process claim. This does not mean that the conduct

alleged is not actionable under state law, still less that we approve of it. It means only that no right created by the Due Process Clause of the Fourteenth Amendment has been violated.").

Plaintiff also fails to plead the threshold requirement of a constitutionally protected property interest. Whether such an interest exists is a question of state law, and it demands more than a unilateral expectation; it requires a legitimate claim of entitlement. *Bituminous Materials, Inc. v. Rice Cnty., Minn.*, 126 F.3d 1068, 1070 (8th Cir. 1997). Such an entitlement arises only where "a statute or regulation places substantial limits on the government's exercise of its licensing discretion." *Id*. In the land-use context, a protected property interest exists only if applicable law meaningfully constrains the issuing authority's discretion, such that approval, or continued validity, is effectively mandatory upon satisfaction of specified criteria. *Id.*

Plaintiff identifies no statute, ordinance, or regulation that meaningfully constrains the City's discretion in determining whether a certificate of appropriateness or conditional use permit has expired. The challenged orders arose from the City's application and enforcement of its own zoning code—areas that necessarily involve interpretation and judgment. A mere disagreement over that interpretation does not create a protected entitlement.  Because Plaintiff pleads neither a protected property interest nor conduct that is truly irrational under controlling precedent, its substantive due process claim fails as a matter of law.

### III.    Plaintiff's Failure to Plead Specific Personal Involvement by Each Individual Defendant Bars its Individual-Capacity Claims.

Plaintiff's § 1983 claims against the Individual Defendants fail for an independent reason: the Complaint contains no specific factual allegations showing what each named defendant personally did, or failed to do, to violate Plaintiff's federal rights.

The allegations concerning SWO 2 and SWO 3—the only orders at issue—are conclusory and group-based. As to SWO 2, Plaintiff asserts only that "[u]pon information and belief" it was approved at a "secret meeting" by the "Aldermen Defendants," who "instructed" its issuance. Doc. 1 (Complaint), ¶ 58. As to SWO 3, Plaintiff alleges nothing more than that the City notified it of the expiration of its conditional use permit and certificate of appropriateness. Doc. 1 (Complaint), ¶ 84. Generalized assertions of "deliberate indifference" or "intentional disregard," *see* Doc. 1 (Complaint), ¶ 120, add nothing. These collective pleadings do not satisfy the requirement that a complaint "set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights." *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 708 (E.D. Mo. 2012). Assertions that cannot be tied to an individual defendant cannot support individual liability. *Id*.

Plaintiff's citation to *Fortner v. City of Archie*, 70 F. Supp. 2d 1028 (W.D. Mo. 1999) does not salvage its claims. *Fortner* addressed legislative immunity in a different context and involved far more specific allegations of individual participation. It does not excuse the group pleading that pervades both the Complaint and the Opposition. Because Plaintiff has not alleged individualized conduct by any Individual Defendant, its individual-capacity claims must be dismissed.

## IV.   Plaintiff Fails to State a Takings Claim.

Plaintiff's Opposition does not respond to Defendants' argument that Count II cannot proceed against the Individual Defendants in their individual capacities. That silence alone warrants dismissal of Count II as to those defendants. Moreover, Plaintiff appears to have abandoned any physical taking theory, focusing solely on a regulatory-taking under *Penn Central*. Plaintiff may not amend its Complaint though briefing. Even on a regulatory theory, the Complaint

6

pleads no facts sufficient to state a plausible claim, as fully explained in Defendants' opening memorandum. Count II therefore fails as a matter of law.

## V.      Plaintiff's Claims Are Neither Exhausted Nor Ripe.

Plaintiff misconstrues Defendants' argument. Whether framed as a procedural due process claim or an as-applied constitutional claim, Plaintiff was required to obtain a final, reviewable decision from the appropriate municipal body before filing suit. It did neither.

### A.      If Construed as a Procedural Due Process Claim, Plaintiff Failed to Exhaust Administrative Remedies.

The Eighth Circuit requires exhaustion of state remedies before a procedural due process claim may proceed under § 1983. *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000). Stop-work orders are coercive in nature: they prohibit ongoing activity rather than impose damages. They were issued well before this lawsuit was filed, and they implicate the important local interest in enforcing zoning and land-use regulations. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 480 (8th Cir. 1998).  These factors distinguish the present case from *Patsy* and establish that exhaustion is required.

City Code § 400.090 supplies the mechanism for that review: the Board of Adjustment is expressly authorized to reverse or modify "any order, requirement, decision, or determination of any administrative official."  Plaintiff knew how to use that process—it appealed SWO 1 to the Board. Yet it deliberately bypassed the identical remedy for SWO 2 and SWO 3.

Having failed to exhaust available administrative remedies, Plaintiff's procedural due process claim is barred.

**B.      If Construed as an As-Applied Constitutional Challenge, Plaintiff's Claims are Not Ripe.**

An as-applied claim under § 1983 is not ripe until the government reaches a "final decision" applying the challenged regulations to the specific property. *Christopher Lake Dev. Co. v. St. Louis County*, 35 F.3d 1269, 1273. The City never reached such a decision.  Upon issuing SWO 2 and SWO 3, it expressly advised Plaintiff of the steps necessary to proceed, including reapplying for a certificate of appropriateness and conditional use permit.  *See* Doc. 1, Exhibits G & M (SWO 2 & 3). Plaintiff acknowledged those options but never pursued them. *See* Doc. 1, Exhibit I (Plaintiff's responsive correspondence to SWO 2), at 1. Nor did it appeal SWO 2 or SWO 3 to the Board of Adjustment, despite having previously used that process for SWO 1. Absent a final administrative determination, no concrete injury of constitutional dimension has occurred, and the claims are not ripe.

Plaintiff's attempts to invoke issue preclusion from *Harmony Pointe I* fails for the same reason the qualified-immunity argument fails: the issues are not identical. *Harmony Pointe I* decided only whether construction had commenced under the PUD Ordinance so as to prevent expiration of the final plan.  It did not address the separate requirements for a certificate of appropriateness or conditional use permit under Article III, nor did it determine whether those approvals had expired under their own distinct standards and timelines.  Because the issues litigated previously are not the same as those underlying SWO 2 and SWO 3, preclusion does not apply. *See Est. of Smith by Smith v. Primerica Life Ins. Co.,* 54 F.4th 550, 556 (8th Cir. 2022) (for issue preclusion to apply the issue decided in the prior adjudication must be identical to the issue presented in the present action).

8

Plaintiff's futility and mootness arguments are equally unavailing. The Board of Adjustment had clear authority to review and reverse stop-work orders, and Plaintiff had previously invoked that authority. The mere fact that the Board cannot award damages does not excuse the obligation to obtain a final administrative decision on the validity of the orders themselves. Nor has Plaintiff shown that relief was unavailable at the time the orders issued; it simply chose not to seek it.  Speculation that the Board would have ruled against it is insufficient to establish futility. *KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 900 (8th Cir. 2005) (invaliding Plaintiff's futility argument because it was too uncertain and dismissing its action as not ripe). The City's later rescission of the orders after new leadership took office further confirms that no definitive, adverse final position was ever reached. Plaintiff cannot manufacture ripeness by bypassing the very administrative process it once used successfully.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' opening Memoranda in support of their Motions to Dismiss, Defendants respectfully request the Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim, or, in the alternative, dismiss Count I for lack of subject-matter jurisdiction and decline supplemental jurisdiction over the remaining Count II. Defendants further request such other relief as the Court deems just and proper.

Respectfully Submitted,

HAMILTON WEBER LLC

/s/ Jared D. Howell

Jared D. Howell          #67332MO
Tanner A. Kirksey      #72882MO
200 N. Third Street
St. Charles, MO  63301
(636) 947-4700
jhowell@hamiltonweber.com
tkirksey@hamiltonweber.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served this 26th day of March 2026, by the Court's electronic filing system, to:

Zachary R. McMichael, #68251MO
Capes, Sokol, Goodman & Sarachan, P.C.
8182 Maryland Ave., 15th Floor
St. Louis, MO 63105
314-505-5464
mcmichael@capessokol.com

*Attorney for Plaintiff*

/s/ Jared D. Howell

10