**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARMONY POINTE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-0011-PLC |
| | ) | |
| CITY OF COTTLEVILLE, MISSOURI, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ALTER OR AMEND THE JUDGMENT**

Plaintiff Harmony Pointe, LLC ("Plaintiff"), pursuant to L.R. 4.01(A), for its Memorandum of Law in Support of its Motion To Alter or Amend the Court's September 18, 2026 Memorandum and Order (ECF No. 49) and the accompanying Order of Dismissal (ECF No. 50), states as follows:

## Introduction

The Court dismissed Count II of the Complaint—a claim for the taking of Plaintiff's property without just compensation—in part because it concluded that Plaintiff raised only a "physical" takings claim and "did not bring a Federal constitutional regulatory takings claim in its complaint." (ECF No. 49, p. 19). On that basis, the Court declined to consider whether the stop work orders amount to a taking under regulatory takings precedent such as *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978), even though Defendants moved to dismiss Count II on precisely that ground and Plaintiff argued a regulatory takings theory in opposition to dismissal.

The court's conclusion rests on a manifest error of law. Under controlling Supreme Court authority, physical taking and regulatory takings arguments are not different "claims," each of which must be separately pleaded. They are two "arguments in support of a single claim—that the

[government action] effects an unconstitutional taking." *Yee v. City of Escondido*, 503 U.S. 519, 535 (1992). Plaintiff properly pleaded a unified, single takings claim in Count II and it had a right to assert any cognizable theory and precedent in support of its claim, whether that theory is classified as "physical" or "regulatory," and it did. *Id*. Plaintiff invoked regulatory takings precedent like *Penn Central* in its brief in opposition to the motion to dismiss and Defendant was not surprised or prejudiced; it fully responded. Since a takings claim was properly pled and the regulatory taking issue was properly before the court, the court erred in refusing to address the issue and, ultimately, in dismissing Plaintiffs' Complaint. Consequently, the judgment should be altered or amended under Rule 59(e).

**Relevant Background**

Count II of the Complaint is titled "TAKING OF PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE CONSTITUTION OF THE UNITED STATES AND CONSTITUTION OF THE STATE OF MISSOURI." (ECF No. 1, p. 22, ¶ 122 & Count II heading). The claim incorporates the Complaint's preceding 121 paragraphs by reference, and alleges that Defendants' issuance of the stop work orders, and their threat to criminally prosecute Plaintiff if it continued construction, effected a taking of Plaintiff's property for which just compensation is due, causing damages exceeding $10,000,000. (*Id*. at ¶¶ 123–126). In framing the federal constitutional theory, Count II characterized the Second Stop Work Order as "a per se physical taking in violation of the Fifth and Fourteenth Amendment," citing *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021). (*Id*. at ¶ 125). This single assertion -- which pertained only to the second stop work order and did not refer to the third stop work order-- was never meant to, and does not, restrict the claim (and the argument and precedent on which Plaintiff could rely) to those arising under physical takings doctrine.

Defendants fully understood this, as it moved to dismiss Count II on two independent grounds—that Plaintiff had alleged neither a per se physical taking *nor a compensable regulatory taking*. Recognizing the breadth of Plaintiffs' claim, Defendants' opening memorandum devoted a full section to arguing that Plaintiff had not stated a viable takings claim under regulatory takings precedent. (ECF No. 37, p. 8). Indeed, Defendants characterized the stop work orders as "classic regulatory action *subject to the Penn Central framework*." (*Id.* at 2) (citing *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124 (1978)) (emphasis added).

Plaintiff responded in kind. Section IV of Plaintiff's opposition—titled "Defendants' Second and Third Stop Work Orders constitute regulatory takings"—argued that the Complaint "properly pleads" a compensable regulatory taking and applied the pleaded facts to each regulatory-takings factor. (ECF No. 41, pp. 9–10). Plaintiff also requested leave to amend if the Court found the factual allegations wanting. (*Id.* at 2).

The Court dismissed the federal per se physical taking theory, concluding that the stop work orders did not appropriate Plaintiff's right to exclude. (ECF No. 49, p. 18). It then declined to consider the regulatory-takings issue, reasoning that although Plaintiff "assert[ed] it alleged sufficient facts to sustain a claim for a regulatory taking under the Federal Constitution," Plaintiff "did not bring a Federal constitutional regulatory takings claim in its complaint." (*Id.* at 19). In a footnote, the Court acknowledged that Defendants had argued "Plaintiff fails to plead a compensable regulatory taking under the United States constitution," but stated that it "does not address Defendants['] alternative arguments." (*Id.* at 17 n. 9). Having dismissed all federal claims, the Court declined supplemental jurisdiction over Plaintiff's state-constitutional takings claim. (*Id.* at 20–21).

## Legal Standard

Rule 59(e) authorizes a district court to alter or amend a judgment on a motion filed within twenty-eight days of entry. Fed. R. Civ. P. 59(e). The Rule "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). A manifest error of law includes the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *In re Murray*, 408 B.R. 268, 271 (Bankr. W.D. Mo. 2009). The district court has "broad discretion" in ruling on such a motion, and its decision is reviewed for abuse of discretion, which exists where a ruling "was based on clearly erroneous factual findings or erroneous legal conclusions." *Innovative Home Health Care*, 141 F.3d at 1286. Rule 59(e) is the proper vehicle for correcting a legal error reflected in a judgment of dismissal, including a district court's reconsideration of a jurisdictional ruling premised on the dismissal of the federal claims. *Id.*

### I. Treating Plaintiff's regulatory-takings theory as an unpleaded, separate "claim" was error.

The court's dismissal of Count II rests on the premise that a "regulatory takings claim" is a discrete claim, that must be specifically and separately pleaded as such to trigger the court's review. (ECF No. 49, p. 19). The Supreme Court has rejected that premise.

In *Yee*, the property owners raised a takings claim, framing it principally as a physical taking, and then advanced a regulatory-takings argument. The Supreme Court held that the two theories do not constitute separate claims: "Petitioners' arguments that the ordinance constitutes a

taking in two different ways, by physical occupation and by regulation, *are not separate claims*. They are, rather, separate arguments in support of a single claim—that the ordinance effects an unconstitutional taking." *Yee*, 503 U.S. at 535 (emphasis added). The Court reaffirmed the more general rule that "[o]nce a federal claim is properly presented, a party can make any argument in support of that claim." *Id.* As the Court explained, the physical-taking and regulatory-taking inquiries "exist side by side, neither encompassing the other," but "[b]oth might be subsidiary to a question embracing both—Was there a taking?" [1] *Id.* The Fifth Amendment's Takings Clause supplies one claim, which the Supreme Court's precedents analyze through alternative tests depending on the character of the government's action: a physical-appropriation inquiry where the government occupies property, and the *Penn Central* factors where it regulates the use of property. *Yee*, 503 U.S. at 522–23. Those tests "share a common touchstone" and are alternative routes to resolving the same claim of an unconstitutional taking. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538–39 (2005). Indeed, the Supreme Court has itself described a takings sub-theory, such as a regulatory taking, as an "argument in support of [a] takings claim." *Id*. at 548.

Here, Count II asserts that Defendants' conduct effected a "TAKING OF PROPERTY WITHOUT JUST COMPENSATION." (ECF No. 1, p. 22, ¶ 122 & Count II heading). This general takings claim is proper and sufficient to allow Plaintiff to invoke both physical and regulatory takings arguments in support of its claim. *See McKelvey v. Rice*, No. 4:25-cv-0672-NCC, 2025 WL 2899020, *2 (E.D.Mo. Oct. 10, 2025) (refusing to dismiss complaint, in part, pursuant to §1915A, where Eighth Amendment claim was improperly styled as negligence action

[1] The Supreme Court there ultimately declined to reach the regulatory-takings argument, but this was solely because of Supreme Court Rule 14.1(a)'s certiorari-specific limitation to questions "fairly included" in a petition for certiorari—a constraint peculiar to the Court's discretionary review of a question it had granted certiorari to decide. Yee, 503 U.S. at 535. No analogous limitation governs a district court's obligation, on a Rule 12(b)(6) motion, to determine whether the well-pleaded facts state a claim. The holding that matters here—that physical and regulatory takings are alternative arguments supporting one claim, not separate claims—controls and was not qualified by the certiorari-practice discussion.

because "the Court looks to Plaintiff's facts, not his legal theories," and therefore "specifying an incorrect theory is far from a fatal error."); *Sanchez v. Sharp-Heitert*, 4:25-cv-598-ZMB, 2026 WL 2409155, * 5 n.6 (Aug. 18, 2026) (denying, in part, Rule 12(b)(6) motion by rejecting argument that opposition brief adds new "legal theories" because "it is unnecessary to set out a legal theory for the plaintiff's claim for relief in a pleading."); *see also The Modern Sportsman, LLC v. United States*, 176 Fed. Cl. 567, 572 (2025) (denying a Rule 12(b)(6) motion and holding that, "[h]aving concluded that plaintiffs have stated a claim for a physical taking, the Court need not decide whether they have also met the pleading requirements for a regulatory taking," because under *Yee* such "arguments ... are not separate *claims*" (quoting *Yee*, 503 U.S. at 534–35)) (emphasis in original); *Bailey v. United States*, 78 Fed. Cl. 239, 250 (2007) (recognizing under *Yee* that "whether a taking was due to regulatory impact or to physical occupation can be a question of separate arguments supporting the same alleged taking, and not necessarily separate takings claims"); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 685–86 (9th Cir. 1993) (a plaintiff that "raised a taking claim" may advance a regulatory-takings argument it did not press below because physical and regulatory takings "are not separate *claims*" but "separate *arguments* in support of a single claim"). Plaintiff did exactly that at its first opportunity. (ECF No. 41, pp. 9–10).

The Court's ruling wrongly treats regulatory-takings arguments as a separate claim that Plaintiff had failed to bring, rather than as a takings issue which was primed for review (ECF No. 49, p. 19). That is the "failure to recognize controlling precedent" that Rule 59(e) exists to correct. *In re Murray*, 408 B.R. at 271.

## II. Notice pleading did not require Plaintiff to plead a regulatory-takings "theory," and the Court was obligated to test the pleaded facts against any viable theory.

The Court's ruling is independently inconsistent with the governing pleading standard. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). A plaintiff who has "informed the [defendant] of the factual basis for [its] complaint" is "required to do no more to stave off threshold dismissal for want of an adequate statement of [its] claim." *Id.*

The Eighth Circuit applies this principle without qualification. "The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein," determine whether a claim is stated. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848–49 (8th Cir. 2014). Accordingly, "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Id.* at 849; *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979). Where a plaintiff has pleaded facts, "it is unnecessary to set out a legal theory for the plaintiff's claim for relief." *In re SuperValu, Inc.*, 870 F.3d 763, 771 (8th Cir. 2017). The court must "decide whether [the plaintiff] has pleaded sufficient facts . . . to state a claim under any legal theory," and "[i]f he has, his . . . complaint should not have been dismissed." *Topchian*, 760 F.3d at 849.

The Eighth Circuit recently reversed a dismissal on exactly this footing. In *Berndsen v. North Dakota University System*, 7 F.4th 782 (8th Cir. 2021), the district court dismissed because the plaintiffs' "legal theory . . . clashed with the district court's understanding of how a [] claim should be pled." *Id.* at 784. The Eighth Circuit held that "the procedural posture of the case sinks the district court's conclusion that the [plaintiffs] could only satisfy Rule 12(b)(6) by pleading their legal theory in a particular way." *Id.* at 790. This Court's decisions are in accord: "a complaint need not cite law or develop legal theories," *Morris v. United Parcel Service, Inc.*, No. 1:24-CV-

00200-MTS, 2025 WL 252459, at *3 (E.D. Mo. Jan. 21, 2025), and "once a complaint specifies the wrong done, . . . a plaintiff may substitute one legal theory for another without altering the complaint," *Bartee v. Progressive Advanced Insurance Co.*, No. 4:22-CV-00342-MTS, 2025 WL 2829109, at *4 (E.D. Mo. Sept. 30, 2025).

Under these authorities, the operative question in this case was not whether Plaintiff's Complaint used the words "regulatory taking," but whether its well-pleaded facts—the multi-year sequence of stop work orders, the halting of an approved development, the alleged destruction of the project's economic viability, and the interference with Plaintiff's investment-backed expectations (ECF No. 1, p. 22, ¶¶ 123–126) state a takings claim under any viable theory, including the regulatory-takings framework. The Court was "under a duty to examine the complaint" for relief "on any possible theory." *Garland*, 596 F.2d at 787. Declining to do so, on the ground that the regulatory theory had not been separately pleaded, was legal error.

That one sentence in Count II characterized the taking as "per se physical" does not change the analysis. A plaintiff's identification of one theory for one part of the facts does not waive the claim's other theories or relieve the court of its duty to test the facts against any viable basis for relief. *Topchian*, 760 F.3d at 848–49. At most, to the extent the Court viewed the physical-taking label as an affirmatively mistaken choice of theory, the remedy is to correct the error—by evaluating the claim under the proper framework or permitting amendment—not to dismiss the claim without reaching it. *Morris*, 2025 WL 252459, at *3.

### III. The error requires reinstating the federal takings claim and reconsidering the exercise of supplemental jurisdiction; alternatively, leave to amend should be granted.

Correcting the error calls for altering the judgment in two respects. First, the Court should reinstate the federal takings claim in Count II and adjudicate it under the regulatory-takings

framework that both parties briefed. Because the Court declined to reach that framework, it has not yet determined whether the pleaded facts state a regulatory-takings claim—a merits question the parties have fully briefed. (ECF No. 37, p. 8; ECF No. 41, pp. 9–10).

Second, the Court's decision to decline supplemental jurisdiction over Plaintiff's Missouri-constitutional takings claim rested expressly on its dismissal of "all of Plaintiff's claims over which it has original jurisdiction." (ECF No. 49, p. 20). If the federal takings claim is reinstated, that predicate no longer holds, and the Court should reconsider the exercise of supplemental jurisdiction. Reconsidering a supplemental-jurisdiction ruling that was tied to the dismissal of the federal claims is a recognized, proper use of Rule 59(e). *Innovative Home Health Care*, 141 F.3d at 1286.[2]

**<u>Conclusion</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court alter or amend its September 18, 2026 Memorandum and Order (ECF No. 49) and Order of Dismissal (ECF No. 50) to reinstate the federal takings claim in Count II and adjudicate it under the regulatory-takings framework, reconsider its decision to decline supplemental jurisdiction over Plaintiff's state-constitutional takings claim, or, in the alternative, grant Plaintiff leave to file a First Amended Complaint, together with such other relief as the Court deems just and proper.

[2] In the alternative, and at a minimum, the Court should grant Plaintiff leave to file a First Amended Complaint, if it so chooses. Plaintiff requested leave in its opposition (ECF No. 41, p. 2) and the Court denied that request without prejudice only because no separate motion or proposed amended complaint had been filed. (ECF No. 49, p. 9). Because the dismissal was without prejudice, leave to amend to state the regulatory-takings theory expressly would be consistent with Rule 15(a)(2)'s instruction that leave be freely given, and would cure the pleading defect the Court identified without the need for a new action.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Zachary R. McMichael*
Zachary R. McMichael, #68251MO
Karl A. Borgsmiller, #71796MO
8182 Maryland Ave., 15th Floor
St. Louis, MO 63105
(314) 505-5464 (telephone)
(314) 505-5465 (facsimile)
mcmichael@capessokol.com
borgsmiller@capessokol.com

*Attorneys for Plaintiff Harmony Pointe, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Zachary R. McMichael*
Attorney for Plaintiff Harmony Pointe, LLC